UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **OSCAR ELIAS NUNEZ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANNA ROSSI ANDERSON,**<br><br>**Defendant**. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**Case No. 1:24-cv-00159**<br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff Oscar Elias Nunez, proceeding *in forma pauperis* (without paying the filing fee), filed this action against Defendant Anna Rossi Anderson on September 23, 2024.[1] Mr. Nunez now moves for appointment of counsel.[2] Because Mr. Nunez does not provide a reason for his request, the motion is denied without prejudice.

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "there is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5] Indigent parties in civil cases may apply for appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an

---

[1] ECF No. 1, Complaint.

[2] ECF No. 2, Motion to Appoint Counsel.

[3] *See* U.S. Const. amend. VI; Fed. R. Crim P. 44.

[4] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994).

1

attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court that his claim has enough merit to warrant appointment.[6] When deciding whether to appoint counsel, the court considers a variety of factors including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Mr. Nunez asks the court to appoint counsel but states no reason or basis for the request. As outlined above, this is insufficient to warrant appointment of counsel in a civil case. Accordingly, the court DENIES Mr. Nunez's motion for appointment of counsel without prejudice.[8]

DATED this 24th day of September, 2024.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge

---

[6] *McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] ECF No. 2.